Sanchez v NYC Med. Practice, P.C. (2025 NY Slip Op 05206)

Sanchez v NYC Med. Practice, P.C.

2025 NY Slip Op 05206

Decided on September 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 30, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 816317/23|Appeal No. 4785|Case No. 2024-06548|

[*1]Andrea Sanchez, Plaintiff-Respondent,
v
NYC Medical Practice, P.C. Doing Business as Goals Aesthetics and Plastic Surgery, Defendant-Appellant, Kayvan Ansari, M.D, Defendant.

Shapiro, Croland, Reiser, Apfel and Di Iorio, LLP, New York (Joshua M. Lurie of counsel), for appellant.
The Law Offices of Omrani & Taub, P.C., New York (James L. Forde of counsel), for respondent.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered on or about October 9, 2024, which, insofar as appealed from, denied the motion of defendant NYC Medical Practice, P.C. doing business as Goals Aesthetics and Plastic Surgery (Goals) pursuant to CPLR 7501 to dismiss the complaint and compel arbitration, and granted plaintiff Andrea Sanchez's cross-motion pursuant to CPLR 7503 to permanently stay arbitration, unanimously reversed, on the law, without costs, Goals' motion granted and plaintiff's cross-motion denied. The Clerk is directed to enter judgment dismissing the complaint.
Goals met its prima facie burden of demonstrating that the parties agreed to arbitrate plaintiff's claims by submitting the agreement with the arbitration clause electronically signed by plaintiff through its digital signature technology company, a signature certificate, and an audit log with timestamps of who accessed the document and from what IP address (see Dewald v Massachusetts Mut. Ins. Co., 237 AD3d 562 [1st Dept 2025]). Accordingly, contrary to plaintiff's contention, Goals' initial moving papers were not legally insufficient because they failed to include an affidavit of someone with personal knowledge of the facts (see Kanner v Westchester Med. Group, P.L.L.C., 233 AD3d 410, 411 [1st Dept 2024]). Nor was Goals required to authenticate plaintiff's signature through an affidavit of someone from the signature software technology company (see Knight v New York & Presbyt. Hosp., 42 NY3d 699, 707 [2024], citing State Technology Law § 304[2]).
Plaintiff, in turn, failed to rebut defendant's showing. While plaintiff stated in her affirmation that she could not recall signing the agreement and contends that because she was unable to speak, read, and understand English, she could not have made a knowing and informed waiver of her constitutional right to trial by jury, "it was incumbent upon [plaintiff] to make a reasonable effort to have the document explained to [her]" (Kassab v Marco Shoes, 282 AD2d 316, 316 [1st Dept 2001]). Plaintiff's contention that the audit logs did not place her at the office when the agreement was signed fails to acknowledge that the audit logs are recorded in Coordinated Universal Time, not Eastern Time, which, adjusting for the difference, place her at the office around the time she stated she was there.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2025